**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| MARK ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-437-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES SAMUELS, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Mark Anderson, an individual currently incarcerated in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* petition for writ of habeas corpus. [Record No. 1] He has paid the $5.00 filing fee . [Record No.2] This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

<u>CLAIMS</u>

The petitioner raises three arguments in his submission. First, he asserts that because his court-appointed defense attorney rendered ineffective assistance of counsel, his conviction in the

---

[1] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

-1-

trial court violated the Sixth Amendment.  Specifically, he alleges that his attorney failed to communicate with him outside of the courtroom.  Second, he argues that the United States failed to prove that he possessed "crack" cocaine as alleged in the indictment.  Specifically, he alleges that there was no evidence introduced involving the use of "sodium bicarbonate" in the processing of cocaine.  The Court construes this claim as one of denied due process of law, under the Fifth Amendment.

Finally, the petitioner alleges that his sentence was unconstitutionally enhanced in violation of the due process of law requirement in the Fifth Amendment.  The petitioner cites three Supreme Court decisions.  The first case is *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000), in which the Supreme Court held that "[a]ny fact (other than a prior conviction) which  is necessary to support a  sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

Next, the petitioner cites is *Blakely v. Washington*, 524 U.S. 596 (2004), in which the Supreme Court held that the determinate sentencing system in effect in the state of Washington was invalid on Sixth Amendment grounds.  According to *Blakely*, the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537.  The third case cited by the petitioner is *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738 (2005).[2]

---

2  *See also United States v. Oliver*, 397 F.3d 369, 378 (6th Cir.2005).  The "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537.

The petitioner alleges that he raised these claims in the trial court in a Motion to Vacate Sentence, filed under 28 U.S.C. §2241. He claims that because neither the trial court nor the Sixth Circuit, considered these arguments, this Court should entertain the arguments under §2241.

PROCEDURAL HISTORY

1. Conviction and Appeal

In July, 1997, the petitioner was convicted by a jury of drug offenses in the United States District Court for the Eastern District of Michigan at Flint ("the trial court").[3] He received a 360-month sentence. In September, 1999, the Sixth Circuit affirmed his conviction.

2. 2001 "Motion to Vacate"

The Court has obtained a copy of the docket sheet of the petitioner's criminal case in the trial by use of the "Public Access to Court Electronic Records" ("PACER") website. According to the trial court docket sheet, on March 9, 2001, the petitioner filed a §2255 "Motion to Vacate" his sentence in the trial court. [Trial Court Docket Sheet, Docket Entry ("DE") No. 446] He amended that motion on April 23, 2001. [DE No. 461] On August 15, 2001, the trial court entered an Order and Judgment denying the petitioner's §2255 motion, but granted the petitioner a Certificate of Appealability on October 18, 2001. [DE No. 513] On October 16, 2001, the petitioner appealed that denial to the Sixth Circuit. On May 3, 2002, the Sixth Circuit entered an Order which "affirmed in part, vacated in part and remanded for further proceedings." This Order was filed in the trial court on May 6, 2005. [DE No. 550]

3. 2003 "Motion to Vacate"

---

[3]     The case number in the trial court was 4: 95-CR-50061-PVG-6 (Hon. Paul V. Gadola, presiding).

-3-

On February 21, 2003, the trial court entered an Order "denying motion to vacate sentence

pursuant to 28 U.S.C. §2255." [ DE  No. 582]  On March 24, 2003, the petitioner appealed the trial

court's second denial of his §2255 "Motion to Vacate Sentence" to the Sixth Circuit  [DE No. 587].[4]

On April 14, 2003, the trial court denied the petitioner's application for certificate of appealability.

[DE No. 595]  On  October 20, 2003, the Sixth Circuit entered an Order denying the petitioner's

application/motion to grant a certificate of appealability.  This Order was filed in the trial court on

October 23, 2003.  [DE No. 636]

DISCUSSION

1.  §2255 Remedy not "Inadequate or Ineffective"

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and

such issues must be brought before the trial court.  A petition for writ of habeas corpus pursuant to

28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only

challenge execution of sentence, such as the computation of parole or sentence credits.  *See*

*DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d

766, 770-71 (6th Cir. 1979).  Because the instant petitioner's claims relate to the sentence imposed

by the trial court, this Court would ordinarily not entertain the claims under 28 U.S.C. §2241.

In highly exceptional circumstances, a federal prisoner may challenge his sentence before

the district court in the district of his incarceration, rather than going to the trial court with a §2255

motion.  This is based on certain language in the fifth paragraph of 28 U.S.C. §2255, which provides

that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241.  Commonly

---

[4]      The docket sheet states that the petitioner entitled his submission as an "application for certificate
of appealability."  [DE No. 587]

-4-

called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner's establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit established the threshold which must be met by §2241 petitioners who wish the Court in the district of their confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255. The Sixth Circuit requires first that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as the petitioner in *Martin* did. *Martin*, 319 F.3d at 804-05.

In this case, the Court finds that the petitioner has failed to establish either of the two prerequisites for use of §2241. First, assuming for the moment that the petitioner did in fact raise all three of his current arguments in the two §2255 motions he filed in the trial court,[5] the fact that he was unsuccessful in advancing his current claims in those §2255 motions would not entitle him to relief in this Court under §2241.

---

5       The Court treats the petitioner's March 24, 2003 application in the trial court for a certificate of appealability as a second, or renewed motion to vacate his sentence under 28 U.S.C. §2255. As already noted, on April 14, 2003, the trial court denied the petitioner's application for certificate of appealability. On appeal, the Sixth Circuit entered an Order in October, 2003, denying the petitioner's application/motion to grant a certificate of appealability.

The remedy under §2255 is not inadequate or ineffective simply because a petitioner has been denied relief under §2255 or permission to file a second or successive §2255 motion. *Charles*, 180 F.3d at 756-58.   The remedy afforded under §2241 is not an additional, alternative or supplemental remedy to that prescribed under §2255.  *Id.* at 758.  In the petitioner's case, he filed a §2255 motion in 2001, which resulted in a remand on appeal and, ultimately, the trial court's denial of the §2255 motion.  He then pursued a second round of post-conviction remedies in 2003, when he again unsuccessfully sought a certificate of appealability from not only the trial court, but also the Sixth Circuit.  The fact that the trial court and the Sixth Circuit again denied him relief -- even if accomplished by ignoring claims the petitioner may have asserted -- does not equate into a finding that the petitioner is entitled to relief in this Court under §2241.  *Charles,* at 758.

Second, to the extent that the petitioner argues that his sentence was improperly enhanced, he is not asserting a claim of actual innocence of the crime for which he was convicted and sentenced in the trial court.  Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998).  In *Bousley*, the Supreme Court explained that  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Id.* at 623.  The Court continued, stating, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ."  *Id.* at 623-24.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment.  See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United*

*States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant petitioner "is innocent . . . only in the technical sense." *Id.* at 609. When confronted with a similar claim in this circuit, in *Ward v. Snyder*, 238 F.3d 426, 2000 WL 1871725 (6th Cir. 2000) (unpublished), the Sixth Circuit cited *Bailey* and *Charles v. Chandler* and noted that one of Petitioner Ward's failures therein was that he did not "cite to any intervening change in the law which reflects that he may be actually innocent of his crimes." *Id.* at **2. In fact, the court wrote, "it is unclear whether and to what extent someone like [the petitioner] can show actual innocence in relation to his claims that challenge the imposition of his sentence." *Id.* Additional Sixth Circuit opinions are consistent with the analysis and result herein. *See Szabo v. Snyder*, 83 Fed.Appx. 738, 2003 WL 22976633 (6th Cir. 2003) (unpublished); *Leon v. Hemingway*, 53 Fed.Appx. 353 (6th Cir. 2002) (unpublished).

In summary the petitioner has failed to pass the threshold of demonstrating both that his remedy by a §2255 motion to the trial court is inadequate and ineffective and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States. Therefore, his petition must be denied and this action dismissed.

## 2. *Blakely* and *Booker* Do Not Apply

Even if the petitioner had asserted claims of actual innocence, dismissal of the instant §2241 petition would still be appropriate. The petitioner's reliance on *Apprendi*, *Blakely* and *Booker* is misplaced.

The Sixth Circuit has long held that *Apprendi* is not retroactively applicable to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 492 (6th Cir.2001) ("[w]hile this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review") ( §2255 motion); *Perkins v. Thoms*, 23 Fed.Appx. 256 (6th Cir.2001) (§2241 petition).

In *Blakely*, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional.  The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Blakely*, 124 S.Ct. at 2536.  Despite the recent extension of the *Blakely* principle to the Federal Sentencing Guidelines, the Supreme Court indicated in *Booker* that the new rule cannot be applied retroactively to cases on collateral review.  *See also In re Dean*, 375 F.3d 1287, 1290 (11th Cir.2004) ("[the §2255 petitioner] cannot show that the Supreme Court has made [the *Blakely*] decision retroactive to cases already final on direct review.").

In conformity with other courts addressing the same issue, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review.  *See Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *accord McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005.); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) ("[W]e conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review.")

-8-

As this Court is bound by -- and is in full agreement with -- the recently published *Humphress* decision*, Blakely* and its progeny cannot be applied retroactively on collateral review and provide the petitioner with grounds for relief from his conviction and sentence. The petitioner's claims will therefore be dismissed with prejudice.

<u>CONCLUSION</u>

It is hereby **ORDERED** that this action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket. Judgment shall be entered this date in accordance with this Memorandum Opinion and Order in favor of the Respondent.

This 24th day of August, 2005.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**

-9-